## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WILLS,** | : | |
| | : | **Civil No. 3:13-CV-1787** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **USP-CANAAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This case comes before the Court for further consideration of the complaint, (Doc. 1), and a proposed amended complaint, (Doc. 25-1), filed by the plaintiff. The *pro se* plaintiff, Christopher Wills, is a federal prisoner who has sued the United States, the prison where he was formerly housed, USP-Canaan, and a number of individual defendants. In his original complaint, Wills initially alleged that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the

plaintiff initially damages from the United States, and an institutional defendant identified as "USP-Canaan",  pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a <u>Bivens</u> constitutional tort action.

On December 18, 2013, the defendants filed a motion to dismiss, which we also construed as a motion for summary judgment, in this case.  (Doc. 23)  This motion alleged that the USP-Canaan was not a proper defendant in this action, and also argued that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court.

On January 15, 2014, Wills filed a response to this motion, (Doc. 26), which has caused the United States to notify us that it has withdrawn its contention that Wills failed to exhaust his administrative remedies, while it continues to pursue its claim that "USP-Canaan" is not a proper defendant in this matter.  (Doc. 29)  On that same day, Wills also filed a motion to amend his complaint, (Doc. 25), along with a proposed amended complaint.  (Doc. 25-1)  This amended complaint purported to bring both an action under the Federal Tort Claims Act and a <u>Bivens</u> constitutional tort action against the United States, five named individual prison employees, and between 5 and 10 unnamed prison officials at the United States Penitentiary Canaan.  According to Wills' proposed amended complaint, these defendants negligently provided him

tainted food, and violated his constitutional rights by showing deliberate indifference to his needs, by denying him due process, and by engaging in "Cultural, Social, Economical and Geological discrimination." (Id.) Notably, although Wills names five individual prison officials in the caption of the amended complaint, the body of that pleading only makes factual allegations against one of these defendants, defendant Nowitski, who is alleged to have used racial epithets, and threatened to retaliate against the plaintiff if he pursued complaints regarding prison food service. (Id.) The remaining named defendants–defendants Paone, Keiser, Sullivan, and Vanderhaywright–are not referred in the body of this pleading. On the basis of these allegations, Wills' proposed amended complaint seeks damages totaling $1,400,000 from each defendant. (Id.) Wills' amended complaint also seeks injunctive relief relating to prison food services at the United States Penitentiary, Canaan. Wills seeks this injunctive relief, even though he is not longer housed at that prison.

Having conducted a review of these pleadings, for the reasons set forth below, we find that the complaint and amended complaint remain legally flawed in a number of ways. Therefore, it is recommended that, with the exception of the plaintiff's pending FTCA claim against the United States, the complaint and amended complaint be dismissed without prejudice to Wills endeavoring to file a final amended complaint which corrects the deficiencies noted in this Report and Recommendation. We also note that the defendant has now expressed a willingness to engage in settlement

discussion with Wills.  Therefore, we will order mediation in this case, and direct that further action in this case be stayed pending the outcome of these mediation efforts.

## II.   **Discussion**

### A.   **Rule 12(b)(6)–Standard of Review**

The defendant has moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).   With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most

favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. Rather, in conducting a

review of the adequacy of complaint, the Supreme Court has advised trial courts that

they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than

mere legal labels and conclusions.  Rather, a complaint must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis.  First, the
> factual and legal elements of a claim should be separated.  The District
> Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal conclusions.  Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a 'plausible claim for relief.'  In other words,
> a complaint must do more than allege the plaintiff's entitlement to relief.
> A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis:  "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

These same guiding principles apply to Wills' motion to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure.  Decisions on motions to amend rest in the sound discretion of the district court but that discretion is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal

Rules of Civil Procedure.  In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may in the exercise of that discretion deny a request to amend in proper circumstances.  Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993).  'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

Applying these principles we find that, while Wills' FTCA claim against the United States should proceed further, many of the other claims set forth in his complaint, and proposed amended complaint, fail to state a claim upon which relief may be granted, and should be dismissed.

### B. Wills' Complaint and Amended Complaint Improperly Names the United States as a Defendant in a Bivens Action and Individual Federal Employees and Other Institutional Defendants as Defendants in a Tort Claim Action

While the United States now acknowledges that Wills did exhaust his FTCA claim against the United States, and has voiced a willingness to mediate that claim, the government continues to argue that Wills' pleadings, and in particular complaint and amended complaint, confuse and conflate the liability of the United States and the individual defendants with respect to the FTCA and <u>Bivens</u> claims alleged by Wills. Indeed, these pleadings treat these claims and parties interchangeably, drawing no distinctions between the parties and claims.

In fact, <u>Bivens</u> constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq.* and 28 U.S.C. § 2675, *et seq.*, as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." <u>Moshier v. United States</u>, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); <u>Baker v. United States</u>, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a

private individual would be under like circumstances.'" <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 700 (2004) (quoting <u>Richards v. United States</u>, 369 U.S. 1, 6 (1962)); <u>CNA v. United States</u>, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. <u>See</u> <u>Rinaldi v. United States</u>, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing <u>United States v. Muniz</u>, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); <u>see also</u> <u>Meyer</u>, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "The

only proper defendant in an FTCA suit is the United States itself.  See 28 U.S.C. §

2671 et seq.  The FTCA waives the United States' sovereign immunity for claims

arising out of torts committed by federal employees 'under circumstances where ... a

private person ... would be liable' under applicable state tort law.  See 28 U.S.C. §

1346(b)(1)."  Feaster v. Federal Bureau of Prisons,  366 F. App'x 322, 323 (3d Cir.

2010).  Therefore, when inmates bring actions against some individual or entity other

than the United States for negligence under the FTCA the proper course to follow is

to substitute the United States for these individual defendants and dismiss the

individual defendants.  Id.

In contrast to FTCA actions, which must be brought against the United States,

Bivens constitutional tort lawsuits can only be lodged against individual government

officials.  Indeed, it is well-settled that Bivens actions against the United States – and,

by extension, against federal agencies or officials sued in their official capacity – are

barred by sovereign immunity, absent an explicit waiver of that immunity.  FDIC v.

Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica,

316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955

(3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v.

Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against

individual federal defendants sued in their official capacity because the claims are

essentially made against the United States).  Therefore, a Bivens action cannot be

brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in <u>Bivens</u> and FTCA actions control here and compel dismissal of some of the claims currently lodged in Wills' complaint and amended complaint.   Since the plaintiff's complaint and proposed amended complaint make it unmistakably clear that the plaintiff is currently proceeding, in part, under the FTCA, and there appears to be no question that the individual defendants and USP-Canaan are not proper defendants in an FTCA claim, the United States of America is the only proper defendant with respect to these FTCA claims, and the individual defendants, as well as USP-Canaan, should be dismissed from these FTCA claims.   Similarly, a <u>Bivens</u> claim cannot stand against the United States, and any <u>Bivens</u> claims asserted against the United States by the plaintiff must also be dismissed.   However, Wills' FTCA claim against the United States should be permitted to proceed.

### C.   Wills Has Failed to State a Claim Against Four Individual Defendants Identified in His Proposed Amended Complaint

Further, Wills has named four individual defendants in his amended complaint, defendants Paone, Keiser, Sullivan, and Vanderhaywright, but these defendants not referred in the body of this pleading in any fashion.   This cursory style of pleading is plainly inadequate to state a claim upon which relief may be granted.   To state a

constitutional tort claim the plaintiff must show that the defendants actively deprived him of a right secured by the Constitution.  Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).  In this case, Wills names defendants Paone, Keiser, Sullivan, and Vanderhaywright in the caption of his amended complaint, and then seeks to hold them personally liable for constitutional torts without making any specific factual allegations about these defendants in the body of this pleading.  This cursory style of pleading is plainly inadequate to state a claim against a prison official and compels dismissal of these defendants.  Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

      **D.**     **Wills' Prayer for Injunctive Relief in His Proposed Amended Complaint Fails**

Further, to the extent that Wills seeks injunctive relief against prison officials at the United States Penitentiary, Canaan in his proposed amended complaint this request runs afoul of an insurmountable threshold obstacle.  These claims for

injunctive relief are now moot since it is undisputed that Wills is no longer housed at this prison.

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In this case, Wills seeks to enjoin prison officials to provide him with a specific forms of medical care and diet while he was in prison, yet it is entirely undisputed that Wills is no longer housed at the United States Penitentiary, Canaan and, therefore, no longer receives these services from the prison defendants named in this case.

This simple fact raises a threshold, and insurmountable, obstacle to this motion for injunctive relief relating to conditions at a prison where he is no longer incarcerated. Upon consideration, we conclude that the plaintiff's release from the prison renders his request for injunctive relief moot. In this setting, the United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401

(1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d
195, 206 (3d Cir.1993).   An inmate's transfer from the facility
complained of generally moots the equitable and declaratory claims.
Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison
library's legal resources were constitutionally inadequate was moot
because plaintiff was released five months before trial).

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). See Griffin v. Beard, No. 09-

4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI Huntingdon

renders inmate injunctive relief claim moot).   Indeed, as this Court has previously

observed, in a case such as this, where an inmate seeks injunctive relief against his

jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights]
> is academic.   See Muslim v. Frame, 854 F.Supp. 1215, 1222
> (E.D.Pa.1994).   In other words, [the prisoner-plaintiff's] transfer to
> another institution moots any claims for injunctive or declaratory relief.
> See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver
> v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).

Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

These principles control here, and compel denial of this request for injunctive

relief as moot since the prisoner-plaintiff is no longer housed at this prison.

### E.   The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken

Further, we note that the Court should also strike the various claims for specific

sums of unliquidated damages from this *pro se* complaint and proposed amended

complaint.  In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the court to review pleadings and provides that the court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.  Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984).  In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*  The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

**F.     The Complaint and Amended Complaint Should be Dismissed Without Prejudice and Further Litigation Should Be Stayed Pending Completion of Mediation Efforts in this Case**

In sum, in its current form this complaint and proposed amended complaint fail to state a claim upon which relief may be granted for a number of reasons.  While this screening merits analysis calls for dismissal of certain claims and parties from this action, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file a final amended complaint.  We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).   Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in these *pro se* pleadings, by dismissing this deficient complaint and amended complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

We are also ordering mediation in this case in light of the defendant's stated willingness to mediate this claim, and we will order a stay of these proceedings pending the outcome of this mediation effort.[1]

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' revised motion to dismiss the plaintiff's FTCA claim against USP-Canaan, (Doc. 23), be GRANTED,  and the plaintiff's Motion to Amend (Doc. 25), be DENIED, in part, without prejudice, and the plaintiff's complaint (Doc. 1), and proposed amended complaint, (Doc. 25), be dismissed with respect to the following defendants and claims:

1.   The USP-Canaan and the individual defendants should be dismissed from the FTCA claim set forth in these complaints.

---

[1] In this regard, we note that "motions to stay litigation . . . , are non-dispositive motions under Rule 72(a). See, e.g., Gonzalez v. GE Group Adm'rs, Inc., 321 F.Supp.2d 165, 166 (D.Mass.2004); Torrance v. Aames Funding Corp., 242 F.Supp.2d 862, 865 (D.Or.2002); All Saint's Brands, Inc. v. Brewery Group Den., A/S, 57 F.Supp.2d 825, 833 (D.Minn.1999); Herko v. Metro. Life Ins. Co., 978 F.Supp. 141, 142 n. 1 (W.D.N.Y.1997)." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010).  Therefore, the decision to grant, deny or lift a stay rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. §636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion.  Touton, S.A. v. M.V. Rizcun Trader, 30 F. Supp. 2d 508, 510 (E.D. Pa. 1998)("[T]he Court finds that neither the grant of the stay of proceedings . . ., nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

2.      Since a <u>Bivens</u> claim cannot stand against the United States, any

   <u>Bivens</u> claims asserted against the United States by the plaintiff

   should also be dismissed.

3.      Defendants Paone, Keiser, Sullivan, and Vanderhaywright should

   be dismissed.

4.      The plaintiff's request for injunctive relief from prison officials at

   the United States Penitentiary, Canaan should be dismissed.

In light of our order directing mediation in this case and staying further litigation pending the completion of this mediation effort, it is FURTHER RECOMMENDED, that any dismissal order be without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days after the entry of an order lifting the stay in this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of January, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge