# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WILLS,** | : | No. 3:13cv1787 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| **THE UNITED STATES OF AMERICA** | : | |
| **and USP-CANAAN,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R"). (Doc. 31). The R&R proposes granting defendants' motion to dismiss plaintiff's complaint. (Doc. 23). Plaintiff filed objections to the R&R (Doc. 32), and they are ripe for disposition.

**Background**

In 2011, Plaintiff Christopher Wills (hereinafter "plaintiff") was incarcerated at the United States Penitentiary in Canaan, Pennsylvania (hereinafter USP-Canaan"). (Doc. 1, Compl. (hereinafter "Compl." at 3). On June 25, 2011, USP-Canaan served plaintiff chicken fajitas contaminated with salmonella. (Id. at 4). The contaminated chicken caused plaintiff to suffer from diarrhea, nausea, abdominal pain and vomiting. (Id. at 3).

Based upon these facts, plaintiff filed a *pro se* complaint on June 28, 2013 pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of

Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens"), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (hereinafter "FTCA"). (Compl.). Plaintiff's complaint named the United States and USP-Canaan as defendants. (Id.)

Magistrate Judge Carlson screened plaintiff's complaint and on September 17, 2013, directed the United States Marshal to serve it on the defendants. (Doc. 13). Judge Carlson also imposed an administrative stay and directed the parties to participate in mandatory mediation, which was to be completed by November 1, 2013. (Doc. 15). On October 9, 2013, Judge Carlson extended the mediation and administrative stay deadlines until December 30, 2013. (Doc. 16).

Prior to the expiration of the administrative stay, defendants filed a motion to dismiss all claims within plaintiff's complaint. (Doc. 17). In response, plaintiff filed a motion to amend his complaint (Doc. 19), which Magistrate Judge Carlson granted on December 13, 2013 (Doc. 21). Plaintiff's amended complaint expands his factual allegations pertaining to salmonella food poisoning and seeks to add "other unknown" individual defendants. (Doc. 22, Am. Compl.).

On December 18, 2013, defendants filed a motion to dismiss all claims within plaintiff's amended complaint. (Doc. 23). Magistrate Judge Carlson issued an R&R on January 28, 2014 recommending that the court grant

defendants' motion to dismiss.  On February 10, 2014, plaintiff filed objections to the R&R (Doc. 32), which the government responded to on February 19, 2014 (Doc. 34), bringing this case to its present posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

In the instant case, plaintiff only objects to certain parts of the R&R, and he does not object to other parts.  When deciding whether to adopt portions of a report and recommendation that have not been objected to, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

3

Furthermore, defendants filed their motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130,

4

133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Prior to addressing the magistrate judge's recommendation, the court notes that defendants initially moved to dismiss all claims within plaintiff's amended complaint asserting three arguments. First, defendants argued that plaintiff failed to exhaust administrative remedies prior to bringing his FTCA claim. Second, plaintiff's Bivens claims against the United States and USP-Canaan fail because Bivens actions impose liability upon federal employees, as individuals, not the federal government or federal institutions. Third, plaintiff failed to demonstrate that the "other unknown" individual defendants actively deprived him of a right secured by the Constitution, which precludes Bivens liability.

On January 27, 2014, however, defendants filed a notice of partial withdrawal of their motion to dismiss. (Doc. 29). Specifically, defendants withdrew their contention that plaintiff failed to exhaust his administrative remedies regarding plaintiff's FTCA claim against the United States. (Id.) As such, plaintiff's FTCA claim against the United States will not be dismissed.

The court next addresses Chief Magistrate Judge Carlson's recommendations. First, Judge Carlson suggests dismissing plaintiff's FTCA

claim against USP-Canaan and <u>Bivens</u> claims against the United States, USP-Canaan and the "other unknown" individual defendants. (R&R at 9-13). Judge Carlson also recommends denying plaintiff's claim for injunctive relief as moot because plaintiff is no longer an inmate at USP-Canaan. (<u>Id.</u> at 13-15). Finally, Judge Carlson proposes striking plaintiff's claims for a specified sum of damages. (<u>Id.</u> at 15-16).

At the outset, neither party objects to the recommendation that plaintiff's claims for a specified sum of damages be stricken. Additionally, neither party disputes the recommendation that plaintiff's <u>Bivens</u> claims against the individual defendants be dismissed without prejudice to plaintiff filing an amended complaint properly asserting a <u>Bivens</u> action against the individual defendants. The court discerns no plain error following a review of the record. Ergo, the court will adopt these recommendations.

Having adopted those portions of the recommendation to which no objections were filed, the court next turns its attention to plaintiff's specific objections. Plaintiff has filed four objections to the R&R. First, plaintiff claims that the magistrate judge lacks jurisdiction to adjudicate a dispositive motion. Second, plaintiff objects to the recommendation dismissing the individual defendants from the FTCA action and the United States and USP-Canaan from the <u>Bivens</u> action. Third, plaintiff contends that he entitled to injunctive

6

relief against substandard food preparation procedures.  Fourth, plaintiff avers that the magistrate judge failed to address his argument regarding the timeliness of defendants' motion to dismiss.  The court will address these issues *in seriatim*.

## A.  Magistrate Judge's Authority

Plaintiff initially objects to Magistrate Judge Carlson's authority to rule upon defendants' motion to dismiss.  Plaintiff's objection is misplaced.  The magistrate judge makes a recommendation with regard to dispositive motions.  The district court makes a *de novo* determination of those portions of the recommendation against which objections are made.   28 U.S.C. § 636(b)(1)(c); see also Sullivan, 723 F.2d at 1085.  Stated differently, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson, 812 F.2d at 877.  Therefore, plaintiff's objection will be overruled because the district court makes the final determination in plaintiff's case, not the magistrate judge.

## B.  FTCA and Bivens claims

Plaintiff also objects to the recommendation dismissing the individual defendants from his FTCA claim and the United States and USP-Canaan from his Bivens claim.  After careful consideration, the court agrees with the magistrate judge.

7

Bivens constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. The FTCA allows federal inmates to sue the **United States** for injuries sustained while incarcerated. 28 U.S.C. § 2674. In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008).

A court, however, may not entertain an FTCA claim against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also FDIC v. Meyer, 510 U.S. 471, 476 (1994). Rather, the only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. §§ 2671-80.

In contrast to FTCA actions, a Bivens claim can only be asserted against individual government officials. Indeed, it is well-settled that Bivens actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. Meyer, 510 U.S. at 483 (1994);

8

Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa .2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Therefore, sovereign immunity precludes Bivens actions from being asserted against the United States, or a federal agency.

Accordingly, the court will overrule plaintiff's objection and dismiss the individual defendants from plaintiff's FTCA claim and the United States and USP-Canaan from plaintiff's Bivens claim.[1]

## C. Plaintiff's claim for injunctive relief

Next, plaintiff objects to the recommendation denying his request for injunctive relief. Specifically, plaintiff seeks an injunction protecting him from any and all unsafe food preparation procedures within the federal Bureau of Prisons.

Here, plaintiff's claim for injunctive relief is inappropriate because the Bureau of Prisons has a duty not to provide poisonous food under the Eighth

---

[1] The court will dismiss the individual defendants from plaintiff's FTCA claim and the United States and USP-Canaan from plaintiff's Bivens claim with prejudice as an amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

9

Amendment's prohibition against cruel and unusual punishment.  Specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Only conditions that deprive the prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional.  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  In short, the Eighth Amendment already ensures inmates receive adequate food, clothing, shelter and medical care.  Plaintiff's food preparation injunctive claim is duplicative of this protection and, therefore, fails as a matter of law.

As such, the court will overrule plaintiff's objection and adopt the recommendation denying plaintiff's claim for injunctive relief with prejudice.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

**D.  Timeliness of defendants' 12(b)(6) motion**

Finally, plaintiff avers that the magistrate judge failed to address his argument regarding the timeliness of defendants' motion to dismiss.  Plaintiff's contention regarding timeliness, however, lacks merit.

Plaintiff filed his complaint on June 28, 2013.  (Compl.).  Magistrate Judge Carlson screened plaintiff's complaint and on September 17, 2013, directed the United States Marshal to serve the defendants.  (Doc. 13).  Judge Carlson also imposed an administrative stay and directed the parties to participate in mandatory mediation, which was to be completed by November 1, 2013.  (Doc. 15).  On October 9, 2013, Judge Carlson extended the mediation and administrative stay deadlines until December 30, 2013.  (Doc. 16).  The stay, however, was lifted on December 10, 2013.  (Doc. 20).

Because Judge Carlson stayed this case on the same day that defendants were to be served, defendants had until sixty (60) days **after** the administrative stay was lifted–or until February 8, 2014–to file a response to plaintiff's complaint.  See FED. R. CIV. P. 12(a)(2) (stating "the United States . . . must serve an answer to a complaint . . . within 60 days after service on the United States Attorney").  Stated differently, the defendant's "time to answer clock" did not begin ticking until Judge Carlson lifted the administrative stay on December 10, 2013.  Defendants therefore had until February 8, 2014 to make an appropriate filing.  Defendants filed their motion to dismiss on December 9, 2013.  (Doc. 17).  As such, the court will overrule plaintiff's objection and find that defendants filed a timely motion to dismiss plaintiff's complaint.

**Conclusion**

For the reasons stated above, the court will overrule plaintiff's objections and adopt the R&R granting defendants' motion to dismiss.  Specifically, the court will dismiss plaintiff's FTCA claims against the individual defendants and plaintiff's <u>Bivens</u> claims against the United States and USP-Canaan with prejudice.  The court will also dismiss plaintiff's claim for injunctive relief with prejudice and strike plaintiff's claim for a specific amount of monetary damages.  Finally, the court will dismiss plaintiff's <u>Bivens</u> claims against the individual defendants without prejudice to plaintiff filing an amended complaint.  This case will be remanded to Chief Magistrate Judge Carlson for further proceedings involving plaintiff's FTCA claim against the United States.  An appropriate order follows.


**Date:   5/7/14**                                                **s/ James M. Munley**
                                                                      **JUDGE JAMES M. MUNLEY**
                                                                       **United States District Court**