# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER WILLS,** | : No. 3:13cv1787 |
| **Plaintiff** | : |
| | : **(Judge Munley)** |
| v. | : |
| | : **(Chief Magistrate Judge Carlson)** |
| **THE UNITED STATES OF AMERICA** | : |
| **and USP-CANAAN,** | : |
| **Defendants** | : |

## **MEMORANDUM**

Plaintiff Christopher Wills brings a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (hereinafter "FTCA") against the United States of American and the United States Penitentiary in Canaan, Pennsylvania (hereinafter "USP-Canaan"), alleging that defendants served him chicken fajitas contaminated with salmonella. Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R"). (Doc. 76). The R&R proposes granting defendants' motion to dismiss plaintiff's complaint. (Doc. 52). Plaintiff filed objections to the R&R (Doc. 79), and they are ripe for disposition.

## **Background**

In 2011, Plaintiff Christopher Wills (hereinafter "plaintiff") was incarcerated at USP-Canaan. (Doc. 1, Compl. (hereinafter "Compl.") at 3). On June 25, 2011, USP-Canaan served plaintiff chicken fajitas contaminated with

salmonella. (Id. at 4). The contaminated chicken caused plaintiff to suffer from diarrhea, nausea, abdominal pain and vomiting. (Id. at 3).

Based upon these facts, plaintiff filed a *pro se* complaint on June 28, 2013 pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens"), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (hereinafter "FTCA"). (Compl.) Plaintiff's complaint named the United States and USP-Canaan as defendants. (Id.)

Plaintiff filed an amended complaint on December 13, 2013. (Doc. 22). Plaintiff's amended complaint expanded his factual allegations pertaining to his salmonella food poisoning claims and added "other unknown" individual defendants. (Id.) On December 18, 2013, defendants filed a motion to dismiss all claims within plaintiff's amended complaint, except plaintiff's FTCA food poisoning claim (Docs. 23). The court granted the motion to dismiss on May 7, 2014. (Doc. 42). Accordingly, the court remanded the case to Chief Magistrate Judge Carlson for further proceedings regarding the only remaining claim–plaintiff's FTCA food poisoning claim. (Id.)

On August 28, 2014, defendants filed a motion to dismiss plaintiff's FTCA food poisoning claim. (Doc. 52). Magistrate Judge Carlson issued an R&R on February 5, 2015, recommending the court grant defendants' motion

2

to dismiss. Plaintiff filed objections to the R&R on March 6, 2015, (Doc. 79), bringing this case to its present posture.

**Standard of Review**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Furthermore, the defendants move to dismiss plaintiff's amended complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." The FTCA confers jurisdiction on District Courts through 28 U.S.C. § 1346(b)(1), which waives sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).

3

In the instant matter, the defendants' Rule 12(b)(1) motion amounts to a factual attack on the court's jurisdiction, because it challenges not merely "an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites" of the FTCA. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). As such, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

The plaintiff bears the burden of establishing jurisdiction, and unlike other familiar motions, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Stated differently, if the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff must present facts by affidavit or deposition or in an evidentiary hearing. Gould Elec. Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000); Mortensen, 549 F.2d at 891, 893 n.18. The court, therefore, may consider evidence outside the pleadings because the court is the "ultimate finder of fact" on jurisdictional questions. S.R.P. ex rel.

Abunabba v. United States, 676 F.3d 329, 343 (3d Cir. 2012).  To this end, "the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents and even limited evidentiary hearings." Id.; see also Gould Elec. Inc., 220 F.3d at 177 (noting that "if there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination.").

**Discussion**

The defendants move to dismiss the sole remaining claim within plaintiff's amended complaint–plaintiff's FTCA food poisoning claim.[1] Defendants assert the court lacks subject matter jurisdiction over plaintiff's claim because plaintiff failed to exhaust his administrative remedies prior to commencing the instant FTCA action.[2]  Magistrate Judge Carlson

---

[1] Plaintiff continues to argue that several Bivens claims are also properly before the court.  Plaintiff is mistaken.  On May 7, 2014, the court dismissed plaintiff's Bivens claims without prejudice to plaintiff filing an amended complaint within twenty-one (21) days.  No amended complaint was filed within the twenty-one (21) day period.  Thus, plaintiff's Bivens claims have been dismissed through his inaction and his FTCA food poisoning claim is the only cause of action remaining in this case.

[2] Plaintiff also contends defendants waived their exhaustion defense. The Third Circuit Court of Appeals, however, has stated that "subject matter jurisdiction is not a waiveable defense." Brown v. Phila. Hous. Auth., 350 F.3d 338, 346 (3d Cir. 2003).  Furthermore, Federal Rule of Civil Procedure 12(h) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P.

recommends granting defendants' motion to dismiss on the exhaustion issue. Plaintiff objects arguing that a disputed issue of material fact regarding whether he exhausted his FTCA claim precludes dismissal and requires further discovery or a plenary trial. After careful consideration, the court agrees with the defendants.

In the instant matter, plaintiff asserts his food poisoning claim under the FTCA. The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA, 535 F.3d at 138.

Prior to commencing an FTCA action, a plaintiff must "first present . . . the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered "presented" when the federal agency

---

12(h)(3). Accordingly, the court will address the merits of defendants' exhaustion argument because it raises the issue of subject matter jurisdiction.

6

receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit Court of Appeals directs that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989)).

In the R&R, Chief Magistrate Judge Carlson recommends granting defendants' motion to dismiss, asserting plaintiff failed to exhaust his administrative remedies with the Bureau of Prisons prior to bringing this action. To this end, Magistrate Judge Carlson weighed plaintiff's exhaustion evidence and concluded it is fraudulent, and therefore, fails to establish that the plaintiff exhausted his administrative remedies.

Plaintiff objects stating he submitted two letters demonstrating that he exhausted his administrative remedies. First, plaintiff alleges he mailed an administrative claim letter to the Bureau of Prison's Northeast Regional Office (hereinafter "NERO") on August 20, 2011.[3] (Doc. 26, letter dated 8/20/2011). NERO, however, never received this letter. Instead, plaintiff claims the Bureau of Prison's Southeast Regional Office (hereinafter "SERO") received his letter on August 26, 2011. (Id.)[4]

Plaintiff further asserts that he mailed a second letter exhausting his FTCA administrative claim to NERO dated February 6, 2012. Once again, NERO did not receive this letter. Rather, plaintiff claims SERO received his February 6, 2012 letter **four (4) months later on Saturday, June 2, 2012**. Plaintiff adamantly alleges that he addressed his letter to NERO and argues that the United States Postal Service mistakenly delivered it to SERO four months late. SERO, however, has no record of plaintiff's February 6, 2012 letter.

---

[3] Plaintiff resided at USP-Canaan from January 13, 2009 until April 30, 2012. (Doc. 53-1, Ex. A, Decl. of Lynneth Leslie ¶ 12). Because USP-Canaan is located within the BOP's Northeast Region, plaintiff's administrative exhaustion letter should have been mailed to NERO.

[4] Plaintiff asserts he must have mistakenly addressed the outer envelope to SERO. As will be discussed below, however, no record of any federal agency ever receiving this letter exists.

Defendants contend plaintiff's evidence that he timely mailed the letters to the Bureau of Prison's Regional Offices and when they were received is fabricated.  To support their assertion, the defendants submit a declaration from Lynneth Leslie, a Legal Instruments Examiner at SERO.  (Doc. 53-1, Ex. A, Decl. of Lynneth Leslie (hereinafter "Leslie Decl.")).  Leslie asserts that in her capacity as a Legal Instruments Examiner, she has access to Content Manager–the BOP's computer program, which tracks prisoner administrative tort claims throughout the country.  (Id. ¶ 2).  A review of Content Manager establishes that plaintiff failed to file an administrative tort claim in **any** BOP Region regarding his food poisoning claim.  (Id. ¶ 8).  Stated differently, no record regarding any federal agency ever receiving plaintiff's alleged exhaustion letters exists.

Furthermore, Leslie states that she is familiar with SERO procedures regarding the receipt and handling of incoming mail.  (Id. ¶ 2).  Plaintiff alleges he mailed a letter on February 6, 2012 to NERO in Philadelphia, and the United States Postal Service mistakenly delivered to SERO in Atlanta **four months later** on June 2, 2012.  In fact, the letter is date-stamped as received by SERO on June 2, 2012, which is a Saturday.  Leslie avers that SERO is closed on Saturdays and, therefore, no mail is received on this day

9

contradicting the authenticity of the June 2, 2012 date-stamp.  (Id. ¶ 9).[5]

Moreover, an examination of the date-stamp appearing on plaintiff's August 20, 2011 and February 6, 2012 letters establishes the date-stamp itself is likely fabricated.  Both letters bear a date-stamp on the first and last pages of each letter.  (See Doc. 26 at 13-17).  Leslie, however, asserts that SERO identifies the primary cover sheet of an document and then places a single date-stamp on the cover sheet.  (Leslie Decl. ¶ 10).  SERO does not date-stamp the first and last page of every document received.  (Id.)

Plaintiff's exhaustion evidence is neither credible nor persuasive.  Plaintiff's claims that he mailed two letters to NERO, which were both delivered to SERO, are wholly unbelievable in the face of defendants' assertions and Leslie's declaration.  Additionally, the multiple date-stamped pages and the fact one letter was date-stamped on a Saturday do not comport with SERO mail handling procedures weighing in favor of concluding plaintiff's letters are fabricated.  As such, the court will find that plaintiff's letters are not

---

[5] Leslie also notes that plaintiff was housed at USP-Canaan from January 13, 2009 until April 30, 2012.  (Leslie Decl. ¶ 12).  USP-Canaan is located within BOP's Northeast Region.  On May 1, 2012, the BOP transferred plaintiff to USP-Coleman, which is located in BOP's Southeast Region.  (Id.)  Thus, it is very likely that plaintiff fabricated both letters while located USP-Coleman because USP-Coleman is located within the BOP's Southeast Region.

10

credible evidence.  See S.R.P. ex rel. Abunabba, 676 F.3d at 343 (stating that "the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents and even limited evidentiary hearings"); Mortensen, 549 F.2d at 891 (noting that "the trial court is free to **weigh the evidence** and satisfy itself as to the existence of its power to hear the case.") (emphasis added).  Accordingly, plaintiff has failed to carry his burden of establishing jurisdiction and his objections will be overruled.  Mortensen, 549 F.2d at 891.

**Conclusion**

    For the above-stated reasons, the court will overrule plaintiff's objection and will adopt the R&R pertaining to plaintiff's FTCA salmonella food poisoning claim.  Ergo, the court will grant defendants' motion to dismiss this action.  An appropriate order follows.

**Date:   03/19/15**                                         **s/ James M. Munley**
                                                                 **JUDGE JAMES M. MUNLEY**
                                                                 **United States District Court**