IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER WILLS,** : | CIVIL ACTION NO. 3:13-CV-1787 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **UNITED STATES OF AMERICA,** *et al.*, : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 31st day of August, 2020, upon consideration of the report (Doc. 90) of Magistrate Judge Martin C. Carlson, recommending that the court deny the motion (Doc. 88) to reopen this case filed by *pro se* plaintiff Christopher Wills more than five years after this court dismissed his complaint and closed his case, (see Doc. 82), and more than four years after the Third Circuit Court of Appeals summarily affirmed that dismissal, (see Doc. 86), and the court noting that Wills filed an objection (Doc. 91) to Judge Carlson's report, see FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to any uncontested portion, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court agreeing with Judge Carlson that Wills' instant motion is both untimely and meritless, and the

court finding Will's objections to be without merit and squarely addressed by the report,[1] it is hereby ORDERED that:

1. Magistrate Judge Carlson's report (Doc. 90) is ADOPTED.

2. Wills' motion (Doc. 88) to reopen case is DENIED as untimely and meritless, and his motion (Doc. 89) for leave to proceed *in forma pauperis* is DENIED as moot.

3. This case shall remain closed.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] The aspects of Wills' objections not directly addressed by the report are also meritless. Wills claims that Judge Carlson made a "reckless, libel[ous,] and slanderous statement" by indicating that Wills had been found, earlier in this case, to have fabricated documents in attempt to establish exhaustion of administrative remedies. (Doc. 91 at 1-2). He suggests that Judge Carlson must recuse from this case on that basis. (Id. at 1). But Judge Carlson's statement is accurate: this court previously found that Wills' submitted documentation was "likely" fabricated, (see generally Docs. 76, 81), and the Third Circuit affirmed the court's exhaustion ruling, see Wills v. USP Canaan, 635 F. App'x 5, 6-8 (3d Cir. 2015) (nonprecedential). Wills also claims that the judgment is "void" under Rule 60(b)(4) because his proposed third amended complaint—filed on April 22, 2014, while a report addressing his first amended complaint was pending, (see Doc. 37 at 6-16)—"went unlitigated by the court and remains unlitigated," (Doc. 91 at 2). It appears that Wills' motion for leave to file a third amended complaint and the proposed third amended complaint itself may have been overlooked; we surmise this occurred because the documents were docketed by the Clerk's Office as attachments to a motion to compel discovery. (See generally Doc. 37). But any harm from this oversight was rectified roughly two weeks later when the court adopted the then-pending report, granted Wills leave to amend his claims against the individual defendants, and warned that failure to do so would result in dismissal with prejudice of those claims. (See Doc. 42). Wills' failure to take advantage of that opportunity is not a basis to void the judgment under Rule 60(b)(4). And even if it were, Wills' Rule 60 motion would nonetheless be untimely, as he certainly knew of this oversight years before he filed the instant motion. See FED. R. CIV. P. 60(c)(1) (requiring motions under Rule 60(b)(4) to be filed "within a reasonable time").